GEORGE S. WRIGHT, RESPONDENT, *v.* ABBIE J. FLEM-ING AND ANOTHER, IMPLEADED, ETC., APPELLANTS.

*Application for probate — as to necessity of its being in writing*

APPEAL from a judgment entered upon the trial of this action by the court without a jury.

The action was brought to restrain the defendants, the next of kin of John T. Wright, from entering any decree before the surrogate of Westchester county, in proceedings instituted therein to compel the plaintiff, as administrator of the said John T. Wright, to render a final account. The plaintiff claimed that the estate of one Sarah E. Youle was interested in the said account ; that the plaintiff was the executor named in her will, and had applied for its probate and for letters testamentary ; but that the surrogate had neglected to act. The court below enjoined further proceedings before the surrogate, until the estate of Sarah E. Youle should be represented therein.

The court, at General Term, said : " I think the evidence fails to sustain the findings of the court, at Special Term, in this action. The plaintiff was executor of the last will of Sarah E. Youle. It was necessary that Mrs. Youle's executor should be represented on the final accounting of plaintiff, as administrator of John T. Wright, deceased. The proceedings for the accounting had been taken in 1873. Mrs. Youle, although cited, did not appear. She left a husband and two daughters, all of full age, and residents of this State. Plaintiff was in possession of the will of Mrs. Youle from the time of her death, or soon after, and kept it until he was

subpœnaed to produce it in the surrogate's court, and file it therein for the inspection of those interested. Mr. Thompson, the attorney for plaintiff, testifies that when he left the will he applied to the surrogate's clerk for probate. He 'asked how to take the proper proceedings for the probate of the will.' He testifies that he subsequently applied 'to Mr. Skinner (the surrogate's clerk) for proceedings for proving the will, and for that purpose gave to Mr. Skinner the name or names of either one or two — it is my impression of two gentlemen in San Francisco, California, to whom commissions might be issued for the taking the testimony of the subscribing witness.'

There was no application in writing ; there were no citations issued to the heirs-at-law ; there was no affidavit upon which the commission would be based as to the residence and materiality of the witnesses. The plaintiff had control of the will for some months before he left it at the surrogate's office, and only left it then upon compulsion. It may not have been necessary, strictly, to have a petition in writing to set in motion proceedings to prove a will. It is however, the general, and I believe, universal custom ; and before a surrogate should be adjudged guilty of neglect of duty, he should, at least, have been put on his guard. He should have been informed that the plaintiff required him to initiate the proceedings to prove the will himself. I cannot believe that the plaintiff acted in good faith. He never really applied for proof of the will. He seems to me to have intended this shadowy application as a subterfuge by means of which to postpone the accounting."

*Alex. Thain,* for the appellants. *James Thompson,* for the respondent.

Opinion by BARNARD, P. J., PRATT, J., concurred, DYKMAN, J., not sitting.

Judgment making injunction permanent reversed, and new trial granted, costs to abide event.